**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEREMIAH P. HAQQ,<br><br>Plaintiff,<br><br>v.<br><br>WARREN COUNTY CORRECTIONAL CENTER,<br><br>Defendant. | Civil Action No. 21-17202 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant's Motion to Dismiss. (ECF No. 5.) Plaintiff filed an amended complaint in response to the motion (ECF No. 6), to which Defendant replied (ECF No. 7). For the following reasons, the Court grants the motion as to Plaintiff's federal claims and declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which shall be remanded to state court.

**I.     BACKGROUND**

In his amended complaint, Plaintiff seeks to bring claims against the Warren County Correctional Center, a county jail, pursuant to 42 U.S.C. § 1983 and various state law tort theories of liability. (ECF No. 6 at 1-15.) Those claims arise not out of any direct action by the jail itself, but rather as a result of unclearly alleged assaults suffered at the hands of jail staff, short delays in mental health analyses by jail staff, and alleged failures of jail staff to properly treat both asthma attacks and Plaintiff's ongoing mental health issues. (*Id.*) Plaintiff does not name any defendant other than the jail itself, however, in his complaint or amended complaint. Defendants now seek

to have Plaintiff's federal claims against the jail dismissed, and to have this Court dismiss Plaintiff's pendant state law claims.

## II. **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### III. **DISCUSSION**

In its motion, Defendant, a county jail, asks this Court to dismiss Plaintiff's sole federal claims—claims for excessive force and denial of medical treatment brought pursuant to 42 U.S.C. § 1983—against it as Plaintiff has failed to plead a plausible claim against the jail itself. A county jail, however, is not a proper defendant in a civil rights matter. Section 1983 permits claims only against "persons" acting under color of state law, and a county jail is not such a person. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). As the sole named Defendant in this matter is not a person subject to suit under the statute, Plaintiff's current federal claims must all be dismissed with prejudice. *Id.*

In addition to Plaintiff's federal claims, Defendant also requests that this Court dismiss Plaintiff's pendant state law assault and medical malpractice claims. Pursuant to 28 U.S.C. § 1367(c)(3), where the Court is faced with a case in which it has dismissed all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. Indeed, the Third Circuit has cautioned that where such a dismissal occurs prior to the onset of trial, "the district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness" require the court hear those claims. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Where a case has been removed from state court and a district court declines supplemental jurisdiction after dismissing all of the plaintiff's federal claims, the correct procedure is to remand the state claims for consideration by the state court. *Id.* As this Court has dismissed the sole claims over which this Court has original jurisdiction—Plaintiff's patently improper § 1983 claims against the jail—this Court must decline supplemental jurisdiction over Plaintiff's state law claims. This Court therefore declines to address Defendant's arguments as to those claims, and will remand those claims to the state court for its consideration.

### IV. **CONCLUSION**

For the reasons expressed above, the Court grants Defendant's motion as to Plaintiff's federal claims. Plaintiff's federal claims against Defendant are **DISMISSED WITH PREJUDICE**. The Court remands Plaintiff's remaining state law claims to state court. An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4